## THE STATE *v.* JAMES MYERS.

PLEADINGS AND PRACTICE. *Plea in abatement.* A plea in abatement filed after a general continuance, will be stricken out on motion of the attorney-general.

---

### FROM COFFEE.

---

Appeal in error from the Circuit Court of Coffee county. J. J. WILLIAMS, J.

ATTORNEY-GENERAL LEA for The State.

W. E. B. JONES for Myers.

DEADERICK, C. J., delivered the opinion of the court.

At January term, 1877, defendant was indicted for perjury, in Coffee county. After a number of continuances by the defendant, at the May term, 1880, of the circuit court of said county, he, by leave of the court, filed a plea in abatement of the indictment, upon the ground that Wm. Ramsey, marked as prosecutor, was so marked without the knowledge, consent or authority of said Ramsey.

The attorney-general moved to strike out said plea, because it was filed too late. This the court refused to do, and upon appeal to this court, the objection was held to be a good one. But no written opinion was filed, and the indictment upon return of the re-

---

The State *v.* Myers.

---

cord was quashed and the attorney-general again appealed to the last term of this court. The judgment of the circuit court was 'again reversed, and the reason for reversal stated in the judgment. The circuit judge notwithstanding, again quashed the indictment, and the attorney-general again appealed.

His Honor, the circuit judge, reviews the action of this court at length in a written opinion embodied in the record, saying that his judgment had been reversed because a plea in abatement cannot be filed after a general continuance, and then cites an unreported case decided in 1875, holding that a plea in abatement, by permission of the court, may be filed at any time before a verdict. That was, we infer from a brief note of it in Milliken's Digest, a case in which a married woman was prosecutrix, and the court, as the note states, held that fact might be given in evidence without a plea in abatement. But in a later case, where there had been one continuance, defendant pleaded in abatement the incompetency of five of the grand jurors, and the court refused to strike out the plea on motion of the attorney-general. This court held the plea in abatement was improperly filed after one general continuance, and reversed the judgment on that ground and directed the plea to be stricken out; and remanded the cause to be tried on its merits: 1 Lea, 274.

This case, when brought here first, was upon the single question of the motion to strike out the plea in abatement, or as to its sufficiency, and by reversal it was supposed the court would necessarily see the reason of it. But upon the repetition of his holding,

the reasons for the reversal were distinctly stated in the judgment of this court, and were known to the circuit judge, when he again repeats his holding against the ruling of this court—thus uselessly and improperly causing expense, delay and trouble.

In this case we again reverse the judgment, and direct that the plea in abatement be stricken out, and that this cause be remanded to be tried on its merits.